**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 22, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50497
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ALVAREZ-GUTIERREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-02-CR-678-1-WWJ
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Javier Alvarez-Gutierrez appeals his sentence for illegal reentry into the United States following removal in violation of 8 U.S.C. § 1326. He argues that the district court erred in imposing a 16-level increase in his offense level under U.S.S.G. § 2L1.2(b)(1)(A) based on his prior aggravated assault conviction. He argues that the Sentencing Commission intended that the 16-level increase should be applied only to those crimes of violence that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are also aggravated felonies under 8 U.S.C. § 1101(a)(43). Under the plain language of U.S.S.G. § 2L1.2(b)(1)(A) and its comments, a 16-level increase applies if the defendant has a prior conviction for a crime of violence, which expressly includes an aggravated assault. See U.S.S.G. § 2L1.2(b)(1)(A) and comment. (n.1(B)(ii)(II)). Neither U.S.S.G. § 2L1.2(b)(1)(A) nor the comment refers to 8 U.S.C. § 1101(a)(43) or provides that a crime of violence must also be an aggravated felony under 8 U.S.C. § 1101(a)(43). Accordingly, the district court did not err in imposing the 16-level increase based on Alvarez's prior aggravated assault conviction.

Alvarez argues that his sentence exceeds the statutory maximum sentence for the offense of illegal reentry into the United States as charged in the indictment in view of Apprendi v. New Jersey, 530 U.S. 466 (2000). He acknowledges that the argument is foreclosed by Alemendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi 530 U.S. at 489-90. This court must therefore follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.